IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROSIE LEE MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-418-ECM |
| | ) | [WO] |
| PEPBOYS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

On July 3, 2025, the Magistrate Judge entered a Recommendation that this case be dismissed without prejudice for failure to state a claim. (Doc. 11). Plaintiff Rosie Lee Murphy ("Murphy"), proceeding *pro se*, timely filed objections to the Recommendation. (Doc. 15). Also pending before the Court are Murphy's motions to amend the complaint. (Docs. 19, 23). After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, Murphy's objections, and her motions for leave, the Court concludes that Murphy's motions to amend are due to be denied, her objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and this case is due to be dismissed without prejudice.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires

that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[1]

As construed in the Magistrate Judge's Recommendation, Murphy's complaint against Defendant Pepboys ("Pepboys") asserts a claim for violation of her civil rights pursuant to 42 U.S.C. § 1983 or *Bivens*.[2] (Doc. 1).[3] The Magistrate Judge concluded that because Pepboys is a private actor and not a government actor, Murphy failed to state a § 1983 claim or a *Bivens* claim against Pepboys. Murphy objects to the Recommendation that the case be dismissed because, according to her, Pepboys "on purpose physically injured [her]." (Doc. 15 at 1). The Court will assume without deciding that this objection is sufficiently specific to warrant *de novo* review. Upon *de novo* review, the Court

---

[1] While the Court recognizes that *Macort* is nonprecedential, the Court finds it persuasive.

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[3] Murphy's complaint was filed using a civil rights complaint form. Therein, she listed, among other things, the factual allegations "on which [she] base[s] [her] allegation that [her] constitutional rights have been violated." (Doc. 1 at 1).

2

concludes that Murphy fails to state either a § 1983 claim or a *Bivens* claim against Pepboys because she does not sufficiently allege that Pepboys is a government actor. Thus, her objections are due to be overruled.

Additionally, neither of Murphy's motions to amend (docs. 19, 23) contain allegations sufficient to plausibly show that Pepboys is a government actor.[4] While the Court "should freely give leave [to amend] where justice so requires," FED. R. CIV. P. 15(a)(2), the Court may deny leave if amendment would be futile. *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020). Therefore, because amendment would be futile, the motions to amend are due to be denied.

Finally, because Murphy could potentially bring state law claims against Pepboys based on the conduct alleged in the complaint,[5] the Court in its discretion finds it appropriate to dismiss this case without prejudice.

## IV.  CONCLUSION

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1. Murphy's motions to amend (docs. 19, 23) are DENIED;

2. Murphy's objections (doc. 15) are OVERRULED;

3. The Recommendation of the Magistrate Judge (doc. 11) is ADOPTED;

4. This case is DISMISSED without prejudice;

---

[4] Her earlier motion to amend, for example, contains virtually no allegations about Pepboys. (*See* doc. 19).

[5] The Court expresses no view on the merits of any state law claims Murphy may assert against Pepboys.

     5.     All pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 20th day of October, 2025.

                                      /s/ Emily C. Marks
                              EMILY C. MARKS
                              CHIEF UNITED STATES DISTRICT JUDGE